JACK WHITELEY AND ALMA H. WHITELEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Whiteley v. Commissioner
Docket No. 27456-89
United States Tax Court
T.C. Memo 1991-297; 1991 Tax Ct. Memo LEXIS 343; 62 T.C.M. (CCH) 56; T.C.M. (RIA) 91297; July 3, 1991, Filed *343 Jack and Alma H. Whiteley, pro se. Jay M. Erickson, for the respondent. COUVILLION, Special Trial Judge. COUVILLION
MEMORANDUM FINDINGS OF FACT AND OPINION This case is before the Court on a motion for litigation costs under section 7430 [1] and Rule 231. Neither party requested a hearing, and the Court concludes that a hearing is not necessary for the proper consideration and disposition of this motion. Rule 232(a)(3). FINDINGS OF FACT Respondent examined petitioners' 1986 Federal income tax return and issued a notice of proposed changes dated June 5, 1989. The proposed changes were based upon information returns (Forms 1099) showing interest paid to petitioners during 1986, as reported by payors, totaling $ 20,760. Petitioners' tax return only reported $ 14,463 in interest income for *344 1986. Respondent mailed a notice of deficiency to petitioners dated October 5, 1989, determining a deficiency of $ 977 in petitioners' 1986 Federal income tax and additions to tax under section 6653(a)(1)(A) and (B), respectively, of $ 49 and 50 percent of the interest payable under section 6601 with respect to the portion of the underpayment attributable to negligence. Petitioners filed their petition with this Court on November 14, 1989. When the petition was filed, petitioners were residents of Missoula, Montana. Respondent's answer was filed January 19, 1990. On January 23, 1990, and January 30, 1990, counsel for respondent received letters from two banks indicating that the discrepancy in the interest income reported by the payors and petitioners was due to a duplication of amounts on Forms 1099. These letters were provided to respondent's counsel by petitioners' representative, Robert G. Steele, CPA. Counsel for respondent then referred the case to the Appeals Office of the Internal Revenue Service and a settlement conference was scheduled and attended on behalf of petitioners by their representative. Petitioners and respondent stipulated in October 1990 that no additional *345 taxes or additions to tax were due, and a decision reflecting the stipulation of the parties was entered by this Court on December 7, 1990. Thereafter, petitioners submitted to the Court documents entitled "Demand For Fees And Costs" and "Amendment To Demand For Fees And Costs," which were filed, respectively, as a "Motion For Litigation Costs" and an "Amendment To Motion For Litigation Costs" by order of this Court dated March 5, 1991. The Decision entered December 7, 1990, was vacated and the decision document filed as a Stipulation of Settlement to permit consideration of petitioners' motion for litigation costs. Petitioners contend that documentation sufficient to establish the discrepancy between their tax return and the payors' Forms 1099 was given to the Internal Revenue Service before the statutory notice of deficiency was issued. Respondent counters that this information was not provided until after the answer in this case had been filed. As noted later, this factual issue is of no significance in considering the merits of petitioners' motion. Petitioners next contend that the settlement conference with the Appeals Office was not necessary because the information given *346 to respondent's counsel in January 1990 was sufficient to establish their case. In support of their contention, petitioners note that, at the settlement conference, the appeals officer agreed to settle the case in petitioners' favor without requiring any additional documentation and came to the settlement conference with already prepared decision documents whereby respondent conceded the case. Thus, petitioners argue they are entitled to administrative and litigation costs because (1) the notice of deficiency should not have been issued because information sufficient to establish that their return properly reported all interest income had been presented to the Internal Revenue Service prior thereto; and (2) after the petition was filed, the case could have been settled by mail without the necessity of petitioners' representative preparing for and attending an appellate conference when the appeals officer for respondent agreed to concede the case based solely on the information submitted to respondent's counsel in January 1990, shortly after respondent's answer had been filed in this case. OPINION A taxpayer who substantially prevails in an administrative or court proceeding may *347 be awarded a judgment for reasonable administrative and litigation costs incurred in such proceeding. Section 7430(a)(1) and (2). To be entitled to such an award, the taxpayer must be the "prevailing party," and must have "exhausted the administrative remedies available to such party within the Internal Revenue Service." Section 7430(a) and (b)(1). Respondent does not contend that petitioners did not exhaust administrative remedies available to them within the Internal Revenue Service. Accordingly, the issue for decision is whether petitioners are the prevailing party. A taxpayer is considered the prevailing party only if it is established that: (1) the position of the United States in the proceeding was not substantially justified; (2) the taxpayer has substantially prevailed with respect to the amount in controversy or with respect to the most significant issue or set of issues presented; and (3) the taxpayer had net worth not in excess of 2 million dollars at the time the proceeding was commenced. Section 7430(c)(4)(A). Respondent concedes that petitioners have satisfied the second and third requirements above but contends that the first requirement has not been satisfied. *348 Accordingly, the issue is whether "the position of the United States in the proceeding was not substantially justified." In deciding this issue, the Court must first identify the point in time at which the United States is considered to have taken a position and then decide whether the position taken from that point forward was not substantially justified. Under section 7430(c)(7), the term "position of the United States" means: (A) the position taken by the United States in a judicial proceeding * * * and (B) the position taken in an administrative proceeding * * * as of the earlier of -- (i) the date of the receipt by the taxpayer of the notice of the decision of the Internal Revenue Service Office of Appeals, or (ii) the date of the notice of deficiency.
No notice of decision of the Appeals Office of the Internal Revenue Service was received by petitioners prior to the date of the notice of deficiency. Therefore, the United States is considered to have taken a position on October 25, 1989, the date the notice of deficiency was issued by respondent. It is from that date forward the Court must decide whether respondent's position was not substantially justified. *349 Whether respondent's position was not substantially justified turns on a finding of reasonableness, based on all the facts and circumstances, as well as the legal precedents relating to the case. , affd. . The Court must consider the basis for respondent's legal position and the manner in which the position was maintained. . The fact that respondent eventually loses or concedes the case does not establish an unreasonable position. . The reasonableness of respondent's position and conduct necessarily requires considering what respondent knew at the time. Cf. ; . Petitioner has the burden of establishing that respondent's position was unreasonable. Rule 232(e). In this case, the reasonableness of respondent's position turns upon when the facts became known to respondent that the payors' reports of petitioners' *350 1986 interest income were erroneous, and whether respondent acted reasonably with respect thereto once this information became known to respondent. Although petitioners allege that information sufficient to establish their position was provided to the Internal Revenue Service prior to the date of the notice of deficiency, under section 7430(c)(7), it is respondent's actions after that date that are relevant to deciding the issue of whether respondent's position was substantially justified. Respondent admits that information establishing that respondent's position was in error was provided to respondent's counsel in January 1990, shortly after respondent's answer was filed in this case. Petitioners contend that, after respondent's counsel obtained the necessary information, respondent unreasonably delayed settlement of the case by referring the matter to the Appeals Office, where their representative was required to spend unnecessary time in preparation for and attending a settlement conference. The Court concludes that respondent's actions in referring the matter to the Appeals Office for consideration of the documentary evidence submitted by petitioners, and the subsequent setting *351 of a settlement conference by the Appeals Officer at which the case was promptly conceded, were not unreasonable. On this record, petitioners have not established that the position of the United States was not substantially justified. The notice of deficiency was issued based upon Forms 1099 filed with respondent by payors which identified petitioners as recipients of interest income which was not reported on their tax return. Respondent did not err in interpreting the Forms 1099 filed with the Internal Revenue Service. The banks, not respondent, made the error. Under section 7430(c)(7) and the facts of this case, respondent's conduct is reviewed beginning with the date the notice of deficiency was issued. Upon consideration of the evidence presented by petitioners, after respondent's answer was filed, establishing that the banks erred in filing the Forms 1099, respondent conceded the case. The Court holds, therefore, that respondent's position in this case was substantially justified. Petitioners' motion for litigation costs will be denied. An appropriate order and decision will be entered.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended and in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩